**ELLIOTT, Plaintiff-Appellee v. MUELLER, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1807. Decided January 15, 1945.

218

George E. Alcorn, Dayton, for plaintiff-appellee.
Beigel & Mahrt, Dayton, for defendant-appellant.

NICHOLS, J., of the Seventh Appellate District sitting by designation in place of Barnes, P. J.

## OPINION

By GEIGER, J.

Appeal from the judgment of the Court of Common Pleas of Montgomery County, Ohio, based upon the verdict of the jury awarding Five Hundred ($500.00) Dollars damages to the plaintiff in an action against the defendant on account of malicious prosecution.

Plaintiff alleges that the defendant, Hilda D. Mueller, did falsely, maliciously, and without probable or reasonable cause, swear to an affidavit charging him with the crime of embezzlement and thereby procured a warrant for his arrest, which warrant was issued and under this charge he was confined in the Montgomery County jail for a short period of time, and further alleges that on December 4, 1941, said cause was considered and ignored by the Grand Jury; that by reason of the said false and malicious prosecution without probable or reasonable cause, his reputation and credit was greatly injured and he was brought into public contempt and disgrace; he prays for damages in the sum of Ten Thousand Dollars.

The defendant answered and for a first defense admits the filing of the affidavit and the arrest and confinement of the plaintiff and that the Grand Jury failed to indict him. She denies that she falsely or maliciously and without probable or reasonable cause, caused the plaintiff to be arrested on the charge of embezzlement, and denies that the prosecution was terminated or resulted in favor of the plaintiff, but says that the same was ignored by the Grand Jury for other reasons, and further alleges that by waiving preliminary hearing, such

waiver constituted prima facie evidence of probable cause. Other allegations of the petition were denied.

As a second defense, the defendant asserts that the plaintiff was working as an employee of the defendant, and that as such employee he collected from two customers of the defendant, from one the sum of One Hundred Dollars and Thirty-five Dollars from the other; that pursuant to express instructions by the defendant, the plaintiff was to collect and turn over to her the sum of One Hundred Dollars, but that he failed and refused to do so contrary to her instructions, and that he also, contrary to her instructions, failed to turn over the Thirty-five Dollars, but that he misappropriated and used said funds for the payment of gambling and race horse debts; that said misappropriation of said funds was unlawful, illegal and constituted embezzlement, and that the charges made by the defendant were true.

For a third defense, plaintiff alleges that upon being informed by her customers of the payment of said sums to the plaintiff, for which he had given receipts and had misappropriated same to his own use, she made numerous efforts to contact the plaintiff through her own efforts and those of her attorney. She submitted the facts fully and freely to a responsible attorney, who advised her that the facts constituted sufficient cause for commencing a prosecution for embezzlement.

Defendant filed a cross petition seeking to recover from the plaintiff the One Hundred and Thirty-five Dollars alleged by her to have been embezzled. Defendant asks, for other reasons alleged, damages in the sum of Ten Thousand Dollars.

Numerous motions were filed, some of which were sustained, and as a result of which the defendant filed an amended answer substantially the same as her original answer.

Elliott, the plaintiff, replied to the amended answer of the defendant, denying that the waiving of a preliminary hearing constituted prima facie evidence of probable cause, and he further denied each and every allegation of the defendant.

After the verdict, motion for a new trial was made on the usual grounds and same was overruled, as were the motions for a directed verdict and a motion for judgment non obstante veredicto.

Notice of appeal was given and ten assignments of error asserted, among them that the court erred in refusing to direct a verdict and overruling the several motions of the defendant; that the verdict is not sustained by sufficient evidence and is contrary to law; that the court erred in the exclusion of testimony, and for other errors.

No specific criticism is made as to the charges, either Special or General to the jury, which in the main we find to be without error. There is, however, one charge given both in the Special and General charge that we are not prepared to approve. It was given in Special Charge No. 3 and also embodied in the General Charge, and in the Special Charge, as follows:

"The court instructs you that as a matter of law, the waiving of a preliminary examination by the defendant is prima facie evidence of probable cause for the prosecution against him."

The error in that charge, if any, was prejudicial not to the defendant, but to the plaintiff who recovered a judgment and consequently he has not filed an appeal and we, therefore, do not specifically rule upon that assignment of error.

The action was one for malicious prosecution, and malice is an essential ingredient of wrongful and malicious prosecution, and unless it appears that the defendant was actuated by malice in her prosecution of the charge against the plaintiff, the plaintiff's action cannot be maintained.

As to the defense that she acted upon advice of counsel, such advice would constitute a defense if the defendant gave to her attorney a full and honest presentation of the facts bearing upon the guilt or innocence of the accused within her knowledge or which by reasonable diligence could be ascertained by her and which she had reasonable cause for believing she could prove. If she acted in good faith and in accordance with the attorney's advice, it would make no difference whether or not the attorney was mistaken in the belief as to the existence of probable cause or whether the facts communicated to the attorney actually constituted the offense of embezzlement, as any mistake of counsel cannot lay the foundation for damages against the defendant if, in other respects, she is not liable.

As occurs frequently in cases of this nature, there is a sharp conflict in the testimony offered by the plaintiff and the defendant. The defendant in seeking to prove "probable cause" asserted that the plaintiff, while in her employ under her instructions to collect One Hundred dollars from one of her customers and thirty-five dollars from another, did collect said sums, but contrary to her instructions, failed to pay the same to her, but appropriated the same to his own use in paying his own debts, including gambling debts. She also testified that

the plaintiff did not return to her employ, and that she could not find him, but had written him a number of letters, and then by accident she met him on the street and upon being questioned, he asserted that he had used the money to pay his own debts.

The plaintiff, on the other hand, testified with equal positiveness that it was understood by the defendant and himself that if he collected the money on the debts due to the defendant, he was to pay certain expenses arising from his procuring labor in Sidney and also was to apply it to unpaid wages due to him from the defendant. The defendant, of course, denies that she owed the plaintiff any unpaid wages. There is some evidence also that the defendant instructed plaintiff to use Ninety Dollars for the purchase of a cleaning apparatus for furnaces.

As to advice of counsel, that question was before the jury upon the conflicting evidence as to whether she made a full and honest presentation of the facts to the attorney. If she did not make a full disclosure of all the facts within her knowledge, then the advice of counsel that she could bring the action, did not constitute a defense. The same question that involved "probable cause" is presented in the question of "advice of counsel". The jury, under the evidence of the parties, which was conflicting, had a right to determine whether or not she met the requirement incidental to a valid defense of "advice of counsel". If the jury was of the opinion that she was not candid with counsel and did not tell him all the facts within her knowledge affecting the case, then the jury had a right to disregard her defense of "advice of counsel".

Mr. Nicholas Nolan, the Prosecuting Attorney, of Montgomery County, Ohio, testified that the defendant told him that "she had an employee whom she sent out to collect an account, and who had gotten the money and had not returned it to her". The prosecutor further stated upon being questioned, that he advised her there could be an affidavit issued but before doing that, it was his policy to learn all they could about all sides of the case, and further stated that he would write a letter to Mr. Elliott advising him there had been a request made for an affidavit, and that we would like for him to call at the office and give his side of the story, and further advised the defendant that if there was no answer received from this plaintiff she should return to the office and an affidavit would be filed. Upon being questioned as to

whether he did or did not advise the defendant after disclosure of the facts related, that assuming those facts to be true, the plaintiff was guilty of embezzlement, Mr. Nolan replied that he did not say that the plaintiff was guilty. Mr. Nolan was then questioned "I said assuming the facts to be true that it did constitute the crime of embezzlement?" to which question the answer was "Yes". The affidavit was filed with the Prosecuting Attorney and the warrant issued.

There is considerable margin between what the Prosecuting Attorney testified was revealedd by Mrs. Mueller to him and what the plaintiff claimed to have been the facts in the case, and on the truth of which "advise of the attorney" would constitute a defense.

In cases where there is conflict in the evidence, the court hesitates to find that the jury was not warranted under the facts in finding certain issues in favor of the plaintiff.

While we are not in sympathy with cases of this character, yet we find no prejudicial error on the part of the court, and find that there is a conflict of testimony, making an issue to be decided by the jury. We conclude that we would not be justified in setting aside the verdict of the jury.

Judgment of the court below affirmed.

HORNBECK, P. J., concurs.
NICHOLS, J., concurs in judgment.